IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRIN MARIE BOUDREAUX                    PLAINTIFF/COUNTER DEFENDANT

V.                          NO.  2:12-cv-02122

HENRY SCHEIN, INC                       DEFENDANT/COUNTER PLAINTIFF

MAGISTRATE JUDGE'S REPORT and RECOMMENDATION

Before the Court is the Defendant's Motion to Exclude Documents and Compel Their

Return to Defendant (ECF No. 28), and Motion to Compel Complete Initial Disclosures (ECF

No. 32).  The court mistakenly believed that the above Motions had not been referred to the court

but, upon further examination, the matters were referred on August 6, 2013.

**Background:**

Plaintiff, a sales representative for the Defendant, filed suit in June 2012 claiming that she

was, inter alia, wrongfully discharged in violation of Title VII of the Civil Rights Act of 1964

(ECF No. 1, ¶1).  In June 2013 the Defendant filed a Counter Claim against the Plaintiff for

Breach of Non-Competition Agreement, Breach of Confidentiality Agreement, Conversion, and

Breach of Duty of Loyalty.  (ECF No. 22).

Prior to the Plaintiff's termination from the Defendant's employ she "moved all the files

from her company laptop to her personal flash drive. (Pl.'s Ans. to Interrog. No. 1 (Exhibit D

hereto)). Henry Schein asked Plaintiff to identify all the documents she removed, copied, or

deleted from the laptop, and, in response, she produced over 2,000 documents. (ECF  No. 29, p.

4).

Defendant filed a Motion to Exclude Documents and Compel Their Return to Defendant

Page -1-

(ECF No. 28) on July 19, 2013. In the Motion "Defendant Henry Schein, Inc. moves this Court

for an Order (1) compelling Plaintiff and her attorney to immediately return to Henry Schein all

documents she took from the company, all copies of those documents, and any and all other

information improperly obtained and/or derived from the documents; and (2) precluding Plaintiff

from offering into evidence at any and all depositions, pleadings, hearings, and/or trial any of the

documents she took from the company or any information derived therefrom; and for any other

relief the Court deems appropriate."

**Discussion:**

At the time of the Plaintiff's employment she signed a "Confidentiality and Non-

Solicitation Agreement" (ECF No. 29-2, p. 4) which provided in part that upon her "separation

from the Company for any reason, I will return to the Company all notebooks, memoranda,

personal notes, software, hardware, other documents, discs, tapes, material or property of the

Company and all other confidential information, and all copies thereof, which are in my

possession." (Id., p. 4, ¶ 2). The Defendant appears to have been aware of the Plaintiff's

document retention as early as August 2012. (Id., p. 2).

During her employment the Defendant provided the Plaintiff with a lap top computer and

would regularly send emails and reports to the Plaintiff related to business activity. From this

laptop the Plaintiff's copied the above referenced documents after she was terminated. The

Defendant seeks a return of all documents and the preclusion of any use of the documents at trial.

The Supreme Court has stated, "equitable powers of courts of law over their own

process, to prevent abuses, oppression, and injustice, are inherent and equally extensive and

efficient." *See Gumbel v. Pitkin*, 124 U.S. 131, 144 (1888). Many of the cases cited by the

Defendant in support of their motion deal with employees that surreptitiously obtained evidence. (*In re Shell Oil Refinery*, 143 F.R.D. at 108 (E.D. La. 1992); *Fayemi v. Hambrecht and Quist, Inc.*, 174 F.R.D. 319, 324 (S.D.N.Y. 1997)). In this case the Plaintiff did not surreptitiously break into the Defendant's office space to obtain the evidence but downloaded the information from her company laptop, however, it does appear that she violated the Confidentiality Agreement by not returning "all copies thereof, which were in her possession". (ECF No. 29-2, p. 4). Even if the Plaintiff violated the Confidentiality Agreement the court does not believe that the Defendant's Motion as stated should be granted.

The court has reviewed ECF No. 38 which contains a small sample of the documents downloaded from the Plaintiff's laptop computer. It is clear that a great deal of the information that the Plaintiff copied from her company laptop is relevant information that would have been discoverable in the normal course of discovery. The court believes that the Defendant's Motion should be DENIED for any information obtained from the company laptop that the Plaintiff's desires to introduce at trial, that would have been otherwise discoverable. The court recommends that the Motion be GRANTED concerning any information that would not have been otherwise discoverable.

The court has not been informed by either party which of the documents obtained by the Plaintiff from the laptop would be otherwise discoverable or what evidence the Plaintiff will seek to introduce at trial. The court therefore recommends that the burden of proof should be on the Plaintiff to establish that any evidence sought to be introduced by the Plaintiff that was obtained from the unauthorized removal from the Defendant's laptop computer was otherwise discoverable.

The court's Amended Final Scheduling Order (ECF No. 18) provides that "All exhibits must be listed on the attached form in numerical sequence. Exhibits must be made available to all parties and reviewed by counsel prior to the trial date. The lists must be submitted to the Courtroom Deputy one (1) day before the beginning of trial, with notations made on the Court's copy noting exhibits to which there is an objection. In light of the court recommendations concerning the Plaintiff responsibility to establish that any evidence sought to be introduced from the Plaintiff's laptop computer be shown to be otherwise discoverable the court further recommends that the Plaintiff provide her exhibit list to the Defendant at lease 30 days prior to trial.

The Defendant has also filed a Motion to Compel Complete Initial Disclosures under Rule 26(a)(e) contending that the Plaintiff has not provided addresses or phone numbers for the potential witnesses or the subject of the "discoverable information of which they have knowledge". (ECF No. 33, p. 2). In her supplement, she also attempted to identify every single document produced in discovery, which comprises over 3,400 pages of documents. When Henry Schein sought clarification, Plaintiff confirmed that she intended to rely on every document produced. See Email of July 9 (Exhibit D).

Federal Rules of Civil Procedure require:

A. In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(I) the name and, **if known**, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Page -4-

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and **may** use to support its claims or defenses, unless the use would be solely for impeachment

On August 20, 2013 the Plaintiff filed a Response in Opposition to the Defendant's Motion to Compel. In the Response the Plaintiff attached a three page exhibit which listed the witness and the **known** phone numbers and address. The Defendant's Motion appears to be MOOT.

**Conclusion:**

Based upon the forgoing I recommend that the instant Motion to Exclude Documents (ECF No. 28) be **DENIED** for any information obtained from the company laptop that the Plaintiff's desires to introduce at trial, that would have been otherwise discoverable. The court recommends that the Motion be **GRANTED** concerning any information that would not have been otherwise discoverable. The Court further recommends that the Plaintiff be ordered to provide the Defendant with any proposed exhibits that were obtained from the Plaintiff's laptop computer at least 30 days prior to trial to allow proper analysis of whether the item would have been otherwise discoverable.

The court recommends that the Motion to Compel (ECF No. 32) be DENIED as MOOT.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this August 21, 2013.

/s/ *J. Marschewski*

HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE